## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AARON HUBER AND JUSTIN THERIOT, Individually and on behalf of the Class** | **CIVIL ACTION** |
| **PLAINTIFFS,** | **No.** _____ |
| **v.** | **SECTION:** _____ |
| **BIOSCRIP INFUSION SERVICES AND OPTION CARE HEALTH, INC** | |
| **DEFENDANTS.** | |

## <u>NOTICE OF REMOVAL</u>

**NOW INTO COURT**, through undersigned counsel, come defendants, BioScrip Infusion Services, LLC ("BioScrip") and Option Care Health, Inc. ("Option Care") (collectively, "Defendants"), and with a full reservation of rights, respectfully file this Notice of Removal averring that this matter is hereby removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446 because the parties in interest are completely diverse and the amount-in-controversy requirement is satisfied here.

1.

Plaintiffs Aaron Huber and Justin Theriot, Individually and on behalf of the Class ("Plaintiffs"), filed a Petition for Unpaid Commissions, Unpaid Wages, Unfair Trade Practices, and for Breach of Contract With Detrimental Reliance in the Civil District Court for the Parish of Orleans, Louisiana, entitled *Aaron Huber and Justin Theriot, Individually and on behalf of the Class v. Bioscrip Infusion Services and Option Care Health, Inc.*, bearing Docket No. 2020-4023

(the "Petition").  Pursuant to Section 1446(a) of Title 28, United States Code, a copy of the state court record including any process, pleadings, and orders is attached as *in globo* Exhibit "1."

2.

Option Care was served via the Louisiana long arm statute and received the Petition and Summons on July 6, 2020.[1]  *See in globo* Exh. "1," Citation, at p. 3.  To date, upon information and belief, BioScrip has not been served.  Nevertheless, BioScrip consents to this removal.

## DIVERSITY OF CITIZENSHIP

3.

According to the Petition, Plaintiffs are residents of and domiciled in Orleans Parish and are citizens of Louisiana.  *See* Exh. "1," Petition, ¶ 2.

4.

Defendant Option Care Health, Inc. is a corporation.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  A corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Option Care is a Delaware corporation with its principal place of business in Bannockburn, Illinois.  *See* Declaration of Clifford Berman ("Berman Decl.") attached hereto as Exhibit "2," ¶ 3.  Therefore, Option Care is a citizen of Delaware and Illinois.

---

[1] As of the date of this filing, Plaintiffs have not yet filed into the record the affidavit of the individual attesting to the manner of delivery made through the "Long Arm Statute".

5.

BioScrip Infusion Services, LLC is a limited liability company, and therefore its citizenship is determined by the citizenship of all of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  The sole member of BioScrip Infusion Services, LLC is BioScrip PBM Services, LLC.  *See* Exh. "2," Berman Decl. at ¶ 4.  The sole member of BioScrip PBM Services, LLC is Option Care Health, Inc.  *See id.* at ¶ 5.  Therefore, BioScrip Infusion Services, LLC is a citizen of Delaware and Illinois.[2]

6.

Therefore, complete diversity exists between the parties, because no defendant is a citizen of the State of Louisiana.

## AMOUNT IN CONTROVERSY

7.

In Louisiana, plaintiffs are not permitted to plead a specific dollar amount of damages.  LA. CODE CIV. PROC. art. 893(A)(1); *see also*, *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009).  When the petition is silent on the exact amount of claimed damages, the removing party bears the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds $75,000."  *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).  "The required 'demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything

---

[2] Although BioScrip has not yet been served and therefore its citizenship is not relevant to this removal, in an abundance of caution, its citizenship is set forth herein to demonstrate that complete diversity between the parties exists.

he seeks.'" *Robertson v. Exxon Mobile Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (quoting *Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 862 (5th Cir. 2010).

8.

The removing party can satisfy this burden either: "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

9.

In the Petition, Plaintiffs allege that Defendants are liable to Plaintiffs for the damages allegedly caused by (1) Defendants' failure to perform certain contractual obligations related to the payment of sales commissions, (2) Defendants' failure to timely remit amounts allegedly owed to salespersons prior to their discharge, (3) Defendants' engagement in allegedly unfair or deceptive acts or practices related in the conduct of trade or commerce related to their alleged failure to pay allegedly owed sales commissions, (4) Defendants' unjust enrichment based on Plaintiffs' purported detrimental reliance on Defendants' alleged representations regarding commissions, and (5) Plaintiffs' purported detrimental reliance on Defendants' alleged representations regarding commissions. *See* Exh. "1," Pet., ¶¶ 15-26.

10.

A court must consider each plaintiffs' damages separately. *See Zarate v. Guillory*, No. CV 16-341, 2016 WL 2996899, at *4 (E.D. La. May 25, 2016). However, "[w]here the other elements of diversity jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, 28 U.S.C. § 1367 authorizes a court to exercise supplemental

4

jurisdiction over the claims of other plaintiffs in the same case or controversy, even if those claims are for less than the requisite jurisdictional amount." *Id.* at *7 (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 566-67 (2005)).

11.

Of the two named plaintiffs, Mr. Theriot's claims involve a greater amount in controversy. In correspondence with Option Care's Area Vice President of Sales, Susan Roeding, Mr. Theriot expressed his disagreement with Option Care's calculation of his commission for the third quarter ("Q3") of 2019 and asserted that he should have been entitled to a commission based on a higher number patients. *See in globo* Exh. "1," Exhibit "B" to Pet., pp. 3-4; Declaration of Susan Roeding ("Roeding Decl."), attached hereto as Exhibit "3" at ¶¶ 2 and 6. If Mr. Theriot had brought in the number of new patients that he claimed to have brought in, which Option Care disputes, Mr. Theriot would have earned approximately $17,956 for his Q3 commission in 2019, as opposed to the $8,698 Option Care paid him. *See* Exh. "3," Roeding Decl. at ¶¶ 7 and 8. As a result, the value of Mr. Theriot's breach of contract claim would be approximately $9,258.

12.

As noted above, Mr. Theriot is also seeking damages pursuant to the Louisiana Unfair Trade Practices Act ("LUTPA"), which provides for treble damages as well as attorneys' fees and costs. LA. R.S. § 51:1409(A). Thus, the total potential value of this claim is approximately $27,774, plus attorneys' fees and costs.

13.

As to Mr. Theriot's claim pursuant to the Louisiana Wage Payment Act ("LWPA"), the total value of this purported claim is approximately $31,153 based on his salary at termination of $90,000. *See* LA. R.S. § 23:632(A) (providing for "ninety days wages at the employee's daily rate

of pay"); Exh. "3," Roeding Decl. at ¶ 9.  The LWPA likewise statutorily provides for attorneys'

fees and costs.  *See* LA. R.S. § 23:632(C).

14.

In light of this evidence, it is clear by a preponderance of evidence that the amount in

controversy related to Mr. Theriot's claims against Defendants (inclusive of statutorily provided

attorneys' fees) exceeds $75,000.

15.

Furthermore, Plaintiffs' Petition does not allege that the amount in controversy falls below

$75,000, as required by Louisiana Code of Civil Procedure Article 893.  *See New Orleans ILA

Pensioners Ass'n, LLC v. Katica*, No. CIV.A. 08-1625, 2008 WL 2651456, at *2 (E.D. La. July 7,

2008) (citing Davis v. State Farm Fire & Cas., 2006 WL 1581272 at *2 (E.D. La. June 7, 2006))

("Because Louisiana plaintiffs are not limited to recovery of damages requested in their pleadings,

such plaintiffs must also affirmatively renounce their right to accept a judgment in excess of

$75,000 in order to defeat removal.").

16.

Hence, this Court has original jurisdiction over this action, and this case may be properly

removed to this Court pursuant to 28 U.S.C. § 1441(a), in that the captioned matter is a "civil

action[] where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).

**ALL PROCEDURAL REQUIREMENTS
FOR REMOVAL ARE OTHERWISE SATISFIED**

17.

Option Care was served via the Louisiana long arm statute and received the Petition and

Summons on July 6, 2020.  In accordance with 28 U.S.C. §§ 1441 and 1446, this Notice of

6

Removal is timely, as it has been filed no more than thirty (30) days after service on the first defendant and within one year of the initial filing of the suit.

18.

The U.S. District for the Eastern District of Louisiana encompasses the Parish of Orleans, the parish in which the State Court Proceeding is now pending. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

19.

Additionally, Defendants have provided notice to the Clerk of Court for the Civil District Court of the Parish of Orleans, through the filing of this Notice of Removal and a Notice of Filing of Notice of Removal into the record of the State Court Proceeding and has further notified Plaintiffs by delivery of same to their counsel of record.

20.

Pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in this Court and the filing of same with the state court serves immediately to confer upon this Court exclusive jurisdiction over this action and simultaneously to divest the state court of jurisdiction with respect to this action.

21.

Defendants specifically reserve their right to amend or to supplement this Notice of Removal.

**WHEREFORE**, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 on grounds of diversity because the amount in controversy exceeds $75,000.00 and the parties are citizens of different states, and Defendants Option Care Health, Inc. and

BioScrip Infusion Services, LLC hereby remove that this matter to the U.S. District Court for the Eastern District of Louisiana, for further proceedings and disposition.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

BY:      */s/ Christine M. White*
Christine Marie White (#28804)
Emily Olivier Kesler (#37747)
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone: (504) 566-8634
Facsimile: (504) 636-3975
Email: cmwhite@bakerdonelson.com
          ekesler@bakerdonelson.com

**COUNSEL FOR OPTION CARE HEALTH, INC. AND BIOSCRIP INFUSION SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2020, the foregoing document was served on the following counsel of record by causing a copy of same to be electronically filed with the Clerk of Court using the CM/ECF system and/or by U.S. Mail and Email.

John C. Butler
Jacqueline C. Barber
Law Offices of John Butler, LLC
3939 N. Causeway Blvd., Suite 301
Metairie, LA 70002
Email: johnclaytonbutler@gmail.com

*/s/ Christine M. White*
CHRISTINE M. WHITE

8